**Order entered October 25, 2019**



In the
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00326-CR

### RAYNALDO MARTINEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 1
Dallas County, Texas
Trial Court Cause No. MA17-24740-A**

## ORDER

Before the court is appellant's October 22, 2019 amended motion to complete the clerk's and reporter's records and reset the briefing timetable. In his motion, appellant for the first time requests supplementation of the clerk's record filed on March 27, 2019, and the reporter's record filed on June 18, 2019. Appellant's brief was due initially on July 18, 2019.

### Factual Background

Counsel did not file a brief but instead, on July 22, 2019, moved for more time to file the brief. The court granted that motion and ordered the brief due August 17, 2019. On August 9, 2019, counsel again moved for more time and the court again granted it, this time until September 16, 2019. In that second order, the court "cautioned that the failure to file [the] brief by that time may result in the appeal being abated for a hearing under rule 38.8." Counsel filed a

third motion to extend the time to file appellant's opening brief on September 16, 2019, the then-due date for his brief. We granted that motion, stating, "If appellant's brief is not filed by October 16, 2019, this appeal may be abated for the trial court to make findings in accordance with rule of appellate procedure 38.8."

Counsel filed a fourth motion. He styled this one as a "Motion to Complete Clerk's and Reporter's Records and Reset Briefing Timetable." In the motion, counsel contended the clerk's record as filed does not "include any jury notes, any responses from the court or supplemental instructions, the defendant's letter requesting the reporter's record attached hereto, the designation of record mentioned above and attached hereto, or the Order Appointing Counsel of August 18, 2017." Appellant conceded that jury notes, responses, and supplemental instructions do not appear in the County Clerk's online records, but he alleged "such documents were probably in existence based on information from trial counsel." Similarly, with regard to the reporter's record, appellant alleged, based on trial counsel's recollection, not reflected in the reporter's record filed, that the jury transmitted a note to the trial court and the trial court responded with a supplemental instruction to the jury.

Counsel indicated that on October 10, 2019, he filed a designation for a supplemental record on appeal. On October 11, 2019, counsel filed an amended designation for supplemental record on appeal and then a second amended designation for supplemental record on appeal. Counsel indicated he might file a third amended designation to obtain unspecified potential missing items. He also has sent the court reporter a note asking for a supplemental reporter's record reflecting the alleged jury note and supplemental instruction or verification that such proceedings did not occur.

Court reporter Georgina Ware responded October 16, 2019, stating that "no [*Allen*] charge was read or submitted to the jurors and/or directed to be reported on the record and, therefore, does not exist. Any juror's note, or notes, directed to the court in this matter consisted of any or all admitted exhibits to be reviewed, witness testimony, and matters resulting in a possible deadlocked decision that prompted a response to continue deliberations agreed by the parties, but no Allen charge was submitted." This appears to answer the question regarding an *Allen* charge, but does not resolve the issue of juror notes in that the letter appears to advert to jury notes and court responses being sent in this case.

Counsel filed an amended fourth motion on October 22, 2019, noting that a different reporter, Vicki Tuck, indicated a jury note had been filed and stored with evidence. Counsel indicates Ms. Tuck has informed him that Ms. Ware will supplement the record with this material. Counsel again requested this court order the records supplemented.

**Legal Principles**

The rules of appellate procedure provide for supplementation of the record when relevant items are omitted. *See* TEX. R. APP. P. 34.5(c), 34.6(d). The rules further provide that the appellate court must accept supplemental clerk's and reporter's records even when such records have not been timely requested. *See* TEX. R. APP. P. 34.5(b)(4), 34.6(b)(3). That said, nothing in the rules of appellate procedure requires this court's intervention to supplement the record with materials such as those counsel requests here. Rule 34.5(c)(1) says "the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." Rule 34.6(d) is worded similarly.

Counsel has articulated no basis requiring this court's intervention with the clerk or court reporter. Counsel may, as the record-supplementation rules contemplate, direct the clerk or

reporter "by letter" to prepare the desired records. *See* TEX. R. APP. P. 34.5(c), 34.6(d). Counsel appears to have done so.

## Conclusions

The court **DENIES** appellant's amended motion to order the clerk or reporter to supplement the record. We **ORDER** appellant's opening brief due within forty days of this order. The court will grant no further extensions of time for the opening brief, absent extraordinary circumstances. If the brief is not filed during that time, the court will order counsel to appear and show cause why his failure to timely file a rule-compliant brief should not subject him to contempt.

We **DIRECT** the Clerk of the Court to transmit a copy of this order, by electronic transmission, to the Honorable Dan Patterson, Presiding Judge, County Criminal Court No. 1; Vicki Tuck, Official Court Reporter, County Criminal Court No. 1; court reporter Georgina Ware; John F. Warren, Dallas County Clerk; to Lynn Pride Richardson, Chief Public Defender for Dallas County; and to individual counsel for the parties.


/s/    CORY L. CARLYLE
JUSTICE